IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Allen Patzke,<br><br>        Petitioner,<br><br>vs.<br><br>Charles L. Ryan,<br><br>        Respondent. | No. CV 09-8220-PHX-NVW (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed, through counsel, by Petitioner Scott Allen Patzke. (Doc. 1). Following a jury trial in 1988 in the Navajo County Superior Court, Petitioner was convicted of first degree murder. (Doc. 1 at 2).[1] On September 8, 1988, Petitioner was sentenced to life imprisonment

---

[1] Typically, this court cites the state court record supplied by the respondents when it summarizes the background and procedural history of the case. In this case, however, Respondent's compilation of the state court record that was mailed to this court is an unorganized mess. Exhibit A to Respondent's Answer, which Respondent cites for nearly all of his lengthy factual and procedural background, is 722 pages long. The handwritten page numbers are not in numeric order. It is not the court's responsibility to sift through more than 700 out of order pages to find the referenced document. Accordingly, where there appears to be no dispute, the court will in most instances cite Petitioner's habeas petition for its summary of the background and procedural history of the case.

1  without any form of release for at least 25 years. (Doc. 1 at 2). The sentence followed
2  Petitioner's second trial after the first trial ended in a hung jury. (Doc. 1 at 2).

3  Over the following four years, Petitioner filed a direct appeal and four petitions for
4  post-conviction relief but was denied any relief. (Doc. 1 at 2-4). His fourth petition for post-
5  conviction relief was denied by the Superior Court on July 16, 1992, and Petitioner did not
6  seek review in the Arizona Court of Appeals or the Arizona Supreme Court. (Doc. 1 at 4).

7  Petitioner filed a fifth request for post-conviction relief nearly 14 years later on June
8  1, 2006, with the assistance of the Arizona Justice Project. (Doc. 1 at 4-5). The Superior
9  Court dismissed the fifth petition on June 28, 2007. (Doc. 1 at 5). Petitioner filed a petition
10 for review in the Arizona Court of Appeals which was denied on May 9, 2008. (Doc. 1 at
11 5). His subsequent petition for review to the Arizona Supreme Court was denied on
12 December 5, 2008. (Doc. 1 at 5).

13 On December 4, 2009, Petitioner, again through counsel at the Arizona Justice
14 Project, filed his Petition for Writ of Habeas Corpus in this court. (Doc. 1). Petitioner raises
15 one substantive claim for relief: that he received ineffective assistance of counsel in violation
16 of the Sixth and Fourteenth Amendments when his trial counsel failed to inform him of a plea
17 offer to second degree murder presented by the prosecution before his second trial. (Doc.
18 1 at 13-22). On January 25, 2010, Respondent filed an Answer to Petition for Writ of Habeas
19 Corpus and attachments. (Doc. 7-9). On March 10, 2010, Petitioner filed a Reply. (Doc.
20 12).

21 **DISCUSSION**

22 Respondent contends that the petition should be dismissed because it was not filed
23 within the statute of limitations period. He further argues that the claim for relief is
24 procedurally defaulted. Based on the discussion below, the court finds that the habeas
25 petition is barred by the statute of limitations and recommends that the petition be denied on
26 that basis.

## A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d)(1).[2] The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

State prisoners whose convictions became final before the AEDPA effective date of April 24, 1996, had a one-year grace period in which to file their petitions. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, any such petitions had to be filed by April 24, 1997. Id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition."

---

[2] Because Petitioner's habeas petition was filed after the AEDPA effective date of April 24, 1996, the Act's provisions apply to this case. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

- 3 -

1  Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004).  In Arizona, post-conviction review
2  is pending once a *notice* of post-conviction relief is filed even though the petition is not filed
3  until later.  Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).
4  An application for post-conviction relief is also pending during the intervals between a lower
5  court decision and a review by a higher court.  See Biggs v. Duncan, 339 F.3d 1045, 1048
6  (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002).  However, the time
7  between a first and second application for post-conviction relief is not tolled because no
8  application is "pending" during that period.  Biggs, 339 F.3d at 1048; see also King v. Roe,
9  340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval
10 between the completion of one round of state collateral review and the commencement of a
11 second round of review.").  Moreover, filing a new petition for post-conviction relief does
12 not reinitiate a limitations period that ended before the new petition was filed.  See Ferguson
13 v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

14      For a petitioner challenging his conviction based on newly discovered evidence, under
15 § 2244(d)(1)(D), "the limitations period begins to run when the prisoner could have
16 discovered the new evidence through the exercise of due diligence."  Redd v. McGrath, 343
17 F.3d 1077, 1083 (9th Cir. 2003).  To obtain the factual predicate for a habeas claim based on
18 ineffective assistance of counsel, "a petitioner must have discovered (or with the exercise of
19 due diligence could have discovered) facts suggesting both unreasonable performance *and*
20 resulting prejudice."  Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001) (emphasis in
21 original).  However, a petitioner need not "understand the legal significance of those facts
22 – rather than simply the facts themselves – before the due diligence (and hence the
23 limitations) clock start[s] ticking."  Id. at n.3.

24      The statute of limitations under AEDPA is subject to equitable tolling in appropriate
25 cases.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  However, for equitable tolling to
26 apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that
27 some extraordinary circumstances stood in his way'" and prevented him from filing a timely
28 petition.  Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

**B.      Application**

Petitioner's judgment of conviction became final upon the conclusion of direct review in 1990 after Petitioner's motion for reconsideration was denied by the Arizona Court of Appeals. (Doc. 1 at 2-3). Because the judgment of conviction became final long before the effective date of the AEDPA, Petitioner's habeas petition under normal circumstances would have been due on or before April 24, 1997, the end of the one-year grace period. Moreover, during that one-year grace period, there were no pending petitions for post-conviction relief that would have tolled the limitations period. Petitioner, however, contends that the factual predicate of his claim was not discovered until much later, thereby extending the date from which the limitations period began to run.

In his affidavit attached to his petition, Petitioner states that his last counsel of record in this case (before the Arizona Justice Project) was Joseph P. St. Louis, who sent Petitioner his files in June 2002. (Doc. 1, Scott Patzke Affidavit). Petitioner further asserts that in late April or early May 2003, he discovered in one of the files he obtained from Mr. St. Louis, a written plea offer dated May 13, 1988. (Doc. 1, Scott Patzke Affidavit; Letter to Duane Varbel dated May 13, 1988). In the letter extending the offer, the deputy county attorney who prosecuted the case proposed to Petitioner's trial counsel that Petitioner plead guilty to second degree murder and serve a stipulated sentence of 20 years in prison. (Doc. 1, Letter to Duane Varbel dated May 13, 1988). Petitioner contends that his trial counsel never informed him of this plea offer and that had he been advised of it at the time, he would have accepted it. (Doc. 1, Scott Patzke Affidavit).

Respondent argues that Petitioner failed to exercise due diligence in discovering the factual predicate to his ineffective assistance of counsel claim. He argues that Petitioner's failure to request his file until years after his court proceedings were over precludes him from showing due diligence. Moreover, Respondent contends that the ten or eleven months between the time Petitioner received his files and discovered the letter shows a lack of due diligence. Respondent further argues that even if the court found Petitioner exercised due diligence until April or May 2003 when he discovered the written plea offer, he waited three

years before seeking relief in the state court. Thus, by the time he filed a petition for post-conviction relief, the statute of limitations for a subsequent federal habeas petition had already expired.

### 1.    Determination of the Limitations Period

The factual predicate for Petitioner's claim for ineffective assistance of his trial counsel is the May 13, 1988 plea offer letter from the deputy county attorney. To prevent the statute of limitations from barring his claim, Petitioner must demonstrate that he filed his habeas petition within one year of the date the plea offer letter could have been discovered through the exercise of due diligence. Petitioner does not address the statute of limitations in his habeas petition. In his reply, he urges the court to find that he acted with reasonable diligence to discover the factual predicate for his claim. Based on the information presented, however, the court finds that Petitioner has not shown that the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence was less than one year before he filed his habeas petition.

Petitioner states that he obtained his case files in June 2002 from Mr. St. Louis. Petitioner does not explain in his affidavit, or anywhere else, why he waited from 1992, the year his fourth petition for post-conviction relief was denied, until 2002 to obtain his files from Mr. St. Louis or a previous attorney.[3] During that ten year period, no other petitions for relief in this case were filed such that counsel would need to retain possession of the files. Petitioner presents nothing to show he was in any way prevented from requesting and obtaining his files. And while he may have been unaware of the plea offer letter and thus had no immediate reason to request the files, that was also true in 2002 when he ultimately did request the files. He fails to show that what prompted him to request the files in 2002 could not have prompted him to request the files much earlier. The exercise of due diligence in

---

[3] As Respondent points out, Mr. St. Louis also represented Petitioner for an offense he committed in prison. Appellate review of that case, however, was completed in October 1994. Thus, even if Petitioner was reluctant to request any files until all of his matters were concluded, there was no activity in either case after October 1994.

1  discovering the factual predicate for a federal habeas claim requires more than waiting 10
2  years before requesting case files from your lawyer.

3        Additionally, after receiving his case files in April or May 2002, Petitioner contends
4  he did not find the plea offer letter until June 2003, at least ten months later. Again,
5  Petitioner fails to demonstrate that despite exercising due diligence he could not have found
6  the letter before that time. His affidavit is silent on this issue and he provides nothing in his
7  reply to explain this significant lapse in time. Moreover, Petitioner would have known
8  immediately upon seeing the letter that his lawyer never informed him of the offer and that
9  he would have taken it if he had seen it. Thus, Petitioner could not claim, nor does he, that
10 he saw the letter earlier but did not recognize its significance. There is simply no showing
11 that Petitioner through the exercise of due diligence could not have discovered the letter any
12 sooner than ten months after receiving the case files.

13       Another significant lapse of time occurred between the time Petitioner discovered the
14 letter and the date he filed a state petition for post-conviction regarding this newly discovered
15 evidence. Despite learning of the plea offer letter in June 2003, Petitioner, through the
16 Justice Project, did not file a state petition for post-conviction relief until June 1, 2006, three
17 years later. Petitioner contends that this time was needed to assess the legitimacy of the plea
18 offer by investigating the matter. He argues that "the existence of a factual predicate is not
19 an act accomplished in an instant but requires a process of discovery." (Doc. 12 at 7).
20 Petitioner's argument, however, conflicts with the language in Hasan, where the court
21 expressly stated that a petitioner need not understand the legal significance of the newly
22 discovered facts before the due diligence clock starts ticking. Hasan v. Galaza, 254 F.3d at
23 1154 n.3. If Petitioner and his counsel believed that further investigation was necessary, they
24 could have at least filed a notice of post-conviction relief, which would have tolled the
25 limitations period, and then filed the petition itself after completing the investigation.
26 Waiting three years, however, even considering the number of prior lawyers and others that
27 were contacted, is too long to demonstrate the exercise of due diligence.

28

Finally, even after the Arizona Supreme Court denied review of Petitioner's fifth and final state post-conviction proceedings, Petitioner waited 364 days to file his federal habeas petition. Petitioner and his counsel clearly believed that they had one year from the date the state court proceedings ended. For that to be true, however, the court must find that none of the limitations period ran before Petitioner tolled it by filing his fifth petition for post-conviction relief on June 1, 2006. As the above facts demonstrate, there is no basis for the court to make such a finding.

The court has no difficulty concluding that the statute of limitations expired long before Petitioner filed his habeas petition on December 4, 2009. Even if the court gives Petitioner the benefit of the doubt for all the time that his criminal files were not in his possession, the plea offer letter that constitutes the factual predicate for his claim came into his possession in April or May of 2002. Thus, at the latest, the statute of limitations began to run on May 31, 2002. Petitioner has simply not made a sufficient showing that the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence was later than that. He has especially not shown that the factual predicate of the claim could not have been discovered until the day before his June 1, 2006 post-conviction petition, which is what he would have to show for his habeas petition to be timely. Using the May 31, 2002 date, the court finds that the statute of limitations expired one year later on May 31, 2003. When he filed his habeas petition on December 4, 2009, the statute of limitations had been expired for more than six years. Moreover, because the limitations period expired before he filed his fifth post-conviction petition on June 1, 2006, that petition did not toll the statute of limitations. The habeas petition is therefore untimely.

### 2. Equitable Tolling

The legal standard for equitable tolling in § 2254 habeas petitions is set forth above. Petitioner argues that his is a "textbook case" for equitable tolling, suggesting (1) that he pursued his rights diligently, and (2) that extraordinary circumstances stood in his way and prevented him from filing a timely petition. The court disagrees. As the court explains above, there were significant gaps in time during which Petitioner fails to show he acted

diligently. Some of those gaps were years long. Moreover, Petitioner has not demonstrated that extraordinary circumstances stood in his way for all those years that prevented him from filing a timely petition. At any number of points along the way, Petitioner could have done things to accelerate his discovery of the plea offer letter and his subsequent filing of post-conviction review which would have tolled the limitations period. The court finds no basis to apply equitable tolling here.

**C.     Conclusion**

Based on the foregoing analysis, Petitioner failed to file his habeas petition before the statute of limitations expired and the petition is therefore barred. As a result, the court will recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties shall have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

1  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
2  recommendation.  See Fed. R. Civ. P. 72.
3       DATED this 20th day of October, 2010.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge